Filed 10/6/22  In re Antonio P. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re ANTONIO P., a Person Coming Under the Juvenile Court Law. | |
| | D080297 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM243789) |
| v. | |
| ANTONIO P., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Jennevee H. de Guzman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following an adjudication hearing, the juvenile court found true allegations that Antonio P. (the Minor) committed lewd and lascivious

conduct on a child under age 14 (Pen. Code,[1] § 288, subd. (a)) and also committed false imprisonment (§ 236).  The Minor was declared a ward of the court, subject to various conditions.

The Minor filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered the Minor the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

Appellate counsel has included a summary of the evidence admitted in the juvenile court.  We will incorporate the statement here for background information.

"A.  Prosecution Evidence

"B.G. lived at her grandmother's house in San Diego County together with her mother.  The house was a single-family home, but modified into a duplex-style configuration.  [The Minor], B.G.'s cousin, lived in a different house on the same property.

"In October of 2020, while five-year-old B.G. was at her home, [the Minor] asked her to go to the bathroom with him.  They went to the bathroom and [the Minor] locked the door.  [The Minor] lied down on the bathroom floor, removed his shorts and exposed his penis.  [The Minor] rubbed his penis on B.G.'s vagina.  [The Minor] then moved B.G. to the sink area and asked her to look up.  B.G. continued to look down, but saw [the Minor]'s penis.  B.G. was unable to leave the bathroom because [the Minor] was in her way.  Eventually, both B.G. and [the Minor] got dressed.  [The Minor] then

---

[1] All further statutory references are to the Penal Code.

2

stated, '[w]e're done' and opened the bathroom door, allowing B.G. to leave the bathroom first.

"B.G. immediately went to her mother's room and explained what had happened. B.G.'s mother noticed B.G.'s romper was on the wrong way, and B.G. explained that [the Minor] had put it back on the wrong way. B.G.'s mother then angrily confronted [the Minor], who denied that anything had happened with B.G. B.G.'s mother then called 911 and discussed the incident with the officers who arrived at the scene. Officers also interviewed B.G. There was a subsequent investigation, which included interviews with B.G. by a forensic interviewer and a social worker.

"B. Defense Evidence

"In October of 2020, [the Minor] was 15 years old and lived in San Diego County with his parents and siblings. He was a junior in high school and his hobbies included watching movies and playing video games. B.G. and [the Minor] were cousins and saw each other during family gatherings. [2]

"On October 29, 2020, [the Minor] was playing video games in B.G.'s living room with his other cousin. B.G. was also in the living room, but eventually left while [the Minor] remained to play video games. Approximately five minutes after B.G. left, [the Minor] used the bathroom and immediately returned to the living room. [The Minor] continued to play video games with his cousin for another 10 or 15 minutes and then left B.G.'s house with his sister. Later that day, [the Minor] learned of the accusations against him regarding B.G. and felt sad because the allegations were untrue.

---

2      "[The Minor] 'look[ed] out' for B.G., such as asking her if she was hungry, but did not otherwise interact with her. He was a 'big gamer[ ].' [The Minor]'s uncle observed [the Minor] playing video games with his cousin on October 29, 2020."

"During the investigation, the San Diego Police Department collected physical evidence including B.G.'s romper, two pairs of her underwear and a bathmat, as well as a sample of B.G.'s DNA. [The Minor] also voluntarily provided a sample of his DNA to the San Diego Police Department. A criminalist with the San Diego Police Department performed a DNA analysis on the collected evidence and [the Minor] was fully excluded as a contributor. Additionally, semen was not detected on any of the collected evidence."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has provided a list of possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether substantial evidence supported the juvenile court's true finding on Count 1.

2. Whether substantial evidence supported the juvenile court's true finding on Count 2.

3. Whether the juvenile court erroneously excluded, as hearsay, relevant evidence of prior false accusations made by B.G.'s mother, T.L.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented the Minor on this appeal.

4

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.